UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYLVESTER JOHNSON,

    Petitioner,

v.                                           Case No. 8:03-cv-2089-T-23MSS

D. WATSON, Warden,

    Respondent.
_____/

## **O R D E R**

Sylvester Johnson petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his state conviction for burglary and dealing in stolen property, for which offense Johnson was sentenced to ten years as a habitual offender. This action is proceeding based on Johnson's amended petition (Doc. 15). The respondent answered (Doc. 19) and Johnson replied (Doc. 23). Although the original petition was timely, the new claims asserted in the amended petition are time-barred.

Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Johnson signed his section 2254 petition on September 30, 2003, one week before expiration of the one-year limitations period. The respondent admits that the original petition was timely, Response at 6 (Doc. 9), but argues that the new claims asserted in the amended petition are time-barred. Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time during which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)). Consequently, Johnson's one-year limitations period expired in early October, 2003, one week after he commenced this action. The amended petition (Doc. 15) is dated February 20, 2004. The claims asserted for the first time in the amended petition are clearly beyond the limitations period.

The only way the new claims can be deemed timely is if they relate back to a claim asserted in the original petition. Although the Eleventh Circuit has not addressed the applicability of the relation back doctrine in a section 2254 proceeding, it has done so in a section 2255 proceeding. There is not any distinction between these two proceedings that would enure to the benefit of the petitioner in a habeas proceeding. In

*Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001), the court agreed with other circuits holding "that for an untimely § 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings."  To relate back to the timely filed claim, the new claim must rise from the "same set of facts," not from separate conduct or a separate occurrence in "both time and type."

Applying *Davenport*, Johnson's new claims are not related to claims asserted in the original petition.  The original petition asserted claims based on double jeopardy and sufficiency of the evidence.  The amended petition re-asserts the double jeopardy claim, but also alleges that trial counsel was ineffective for failing to raise the double jeopardy issue.  The amended petition omits the sufficiency of the evidence claim, and instead asserts three more claims of ineffective assistance of counsel.  The original petition did not assert any claim based on the ineffective assistance of counsel.  The new claims do not relate back to the original petition and are therefore time-barred.

## Double Jeopardy

On June 8, 1995, Johnson was charged in an information with burglary and dealing in stolen property.  Respondent's Exhibit 9 at 6 (Doc. 16).  At the conclusion of the July 25th preliminary hearing, the burglary charge was dismissed based on a lack of probable cause.  Respondent's Exhibit 9 at 8 (Doc. 16).  On October 3, 1995, an amended information was filed again charging Johnson with the previously dismissed burglary and the same dealing in stolen property.  Respondent's Exhibit 9 at 11

(Doc. 16).  Johnson was convicted of both crimes as charged in the amended information.  Respondent's Exhibit 9 at 59 and 60 (Doc. 16).  Johnson contends that the trial for the burglary charge violated his double jeopardy rights because the charge had been dismissed at the preliminary hearing based on a lack of probable cause.

The Double Jeopardy Clause protects individuals from being tried twice for the same offense.

> The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . . . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187-88 (1957).  Whether an individual is protected by the Double Jeopardy Clause from a second proceeding depends upon whether jeopardy attached at the first proceeding.  "The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'"  *Serfass v. United States*, 420 U.S. 377, 388 (1975), *quoting United States v. Jorn*, 400 U.S. 470, 479 (1971).

Johnson's first proceeding was a preliminary hearing, at which the burglary charge was dismissed.  "The preliminary examination of one arrested on suspicion of a crime is not a trial; and his discharge by the magistrate upon such examination is not an

acquittal." *Collins v. Loisel*, 262 U.S. 426, 429 (1923).  Because guilt or innocence is not determined at a preliminary hearing, jeopardy does not attach.  *Serfass v United States*, 420 U.S. at 391-92 ("Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.").  Consequently, Johnson was not subjected to double jeopardy.

Accordingly, the amended petition for the writ of habeas corpus (Doc. 15) is **DENIED**.  The clerk shall enter a judgment against Johnson and **CLOSE** this action.

ORDERED in Tampa, Florida, on May 5, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro